1  William C. Conkle (SBN76103)
   bill@conkle.us
2  CONKLE & OLESTEN, P.C.
   303 24th St.
3  Santa Monica, CA 90402
   Telephone: 310 704-4000
4

5  Attorneys for all Plaintiffs

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 YS PARK PROFESSIONAL, INC. a          ) Civil Action No.
   Japanese Corporation, PARK WAY        )
12 CO., LTD, a Japanese Corporation      )
   and PASSION BEAUTY, INC. a            ) **COMPLAINT FOR:**
13 California Corporation.                ) **1. TRADEMARK**
                                          ) **COUNTERFEITING AND**
14              Plaintiffs.               ) **INFRINGEMENT,**
                                          ) **2. TRADEMARK INFRINGEMENT**
15          v.                            ) **AND UNFAIR COMPETITION**
                                          ) **3. FALSE DESIGNATION OF**
16 SACO STORE, a Canadian                ) **ORIGIN AND FALSE**
   Corporation. JSIU BEAUTY CO.          ) **REPRESENTATION**
17 LTD, a Chinese Entity,                ) **4. COMMON LAW TRADEMARK**
   GUANGZHOU DINSHINE HAIR               ) **INFRINGEMENT AND UNFAIR**
18 PRODUCTS CO., LTD a Chinese           ) **COMPETITION**
   Entity, HELENERE, an entity of        ) **5. UNFAIR COMPETITION**
19 unknown state, ISMART,HAIR, an        )
   entity of unknown state, EAGLE        ) **DEMAND FOR JURY TRIAL**
20 FORTRESS, an entity of unknown        )
   state, CANWAY CO. LTD, an entity      )
21 of unknown state and DOES 1-25        )
                                          )
22 Defendants.                           )
                                          )
23 _____  )

24

25

26

27

   062-002 170710B Complaint

## I.   **JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin;  trade dress infringement; and federal unfair competition; pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§1116(a) and 1121(a); as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over the Defendants because each of them has a continuous, systematic, and substantial presence within the Central District of California of each of them except for Defendant SACO STORE has offered for sale infringing products at the Cosmoprof North America Trade Show in Las Vegas, Nevada.  For example, by selling and offering for sale infringing products in Southern California and Las Vegas, Nevada, and by committing acts trade dress and/or trademark infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in Southern California and in Las Vegas, Nevada, Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiffs claims.

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

062-002 170710B Complaint

1

## II.   THE PARTIES

4.     Plaintiff YS Park, Inc. ("YS Park") is a Japanese corporation organized and existing under the law of Japan, having its principal place of business in 3-9-2 Kami Osaki, Shinagawa-ku, Tokyo 171-0021, Japan.

5.     Plaintiff Park Way CO., LTD ("PARK WAY") is corporation organized and existing under the law of Japan, having its principal place of business in 152-00343-9-2 Kami Osaki, Shinagawa-ku, Tokyo 141-0021, Japan.

6.     Plaintiff Passion Beauty, Inc. ("PASSION") is a corporation organized and existing under the laws of California, having its principal place of business at 11953 Prairie Avenue. Hawthorne, CA 90250.

7.     Plaintiff YS Park, PARK WAY CO., LTD and Passion Beauty Inc. may be referred to throughout this Complaint as "Plaintiff" or "Plaintiffs".

8.     Plaintiffs are informed and believe, and on that basis allege, that Defendant   SACO   STORE   ("SACO")   a   Canadian   Corporation,   is   an organization doing business in this judicial district.

9.     Plaintiffs are informed and believe, and on that basis allege, that Defendant JSIU BEAUTY CO, LTD ("JSIU") a Chinese Entity, is an organization doing business in this judicial district.

10.     Plaintiffs are informed and believe, and on that basis allege, that Defendant   GUANGZHOU   DINSHINE   HAIR   PRODUCTS   CO.,   LTD

062-002 170710B Complaint

2

("DINSHINE") a Chinese Entity, is an organization doing business in this judicial district.

11.     Plaintiffs are informed and believe, and on that basis allege, that Defendant HELENE, an entity of unknown state ("HELENE"), is an organization doing business in this judicial district.

12.     Plaintiffs are informed and believe, and on that basis allege, that Defendant ISMART, an entity of unknown state ("ISMART"), is an organization doing business in this judicial district.

13.     Plaintiffs are informed and believe, and on that basis allege, that Defendant EAGLE FORTRESS, an entity of unknown state ("EAGLE FORTRESS"), is an organization doing business in this judicial district.

14.     Plaintiffs are informed and believe, and on that basis allege, that Defendant CANWAY CO. LTD, an entity of unknown state ("CANWAY"), is an organization doing business in this judicial district.

15.     DOES 1 through 25 are persons and entities whose names and involvement are presently unknown to Plaintiffs. Accordingly, they are sued by the fictitious name DOES 1 through 25. When the identity and involvement of any DOE has been discovered, Plaintiffs will amend their complaint to allege the name and identity of that fictitiously named party.

062-002 170710B Complaint

### III.   COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

16.   Young Soo Park ("Park") designed high quality combs used by professional hair stylists. They are designed to be made of a special plastic and have specially built teeth that act to detangle hair. Since 1996, Park's company Y S Park, Inc. ("YS Park") manufactures the combs and has created in these high quality combs a unique design.  Each comb has a design in it that consists of consists of a three-dimensional configuration of design features of a hair comb. These features consist of the shape and location of the holes in the shaft of a comb and the size and placement of one of its teeth. The elongated countersunk holes pass completely through the shaft of the comb and are located at regularly spaced intervals along the length of the shaft. The outermost tooth of the comb on one end is shorter than all the others.  The design functions as a trademark.  Starting in 1996, YS Park began selling these high quality combs with the design trademark ("the Design") in the USA. Attached as **Exhibit 1** is a true and correct of an image of a YS Park comb bearing the Design.

17.   In 2016, a federal registration was issued for the Design, Registration No. 4,991,180 issued on 7/5/2016. Attached hereto and incorporated by reference is a true and correct copy of the Trademark Registration as **Exhibit 2**.

18.   In this document, the word "Infringing Product" or "Infringement" includes any counterfeit product and refers to a comb bearing a counterfeit of a registered or unregistered trademark or trade dress owned by Plaintiffs.  Combs containing the design registered in the United States Trademark Office, the

062-002 170710B Complaint

unregistered designs of Plaintiffs and the Trade Dress of Plaintiffs are defined as ("Combs") throughout this Complaint.

19.   The Trademark and the goodwill in the Design trademark was assigned in 2016 to PARK WAY. Attached hereto as **Exhibit 3** and incorporated by reference is a true and correct copy of current Trademark Registration. All Combs made by YS Park have the Design. All Combs sold in the USA have the Design. YS Park Combs have a distinctive Trade Dress that incorporate the YS Park Design and a variety of other features. Passion buys the Combs and sells them to others in the United States.

20.   YS Park also manufactures a wide variety of hair clips. These products which include and clips that infringe Plaintiffs' registered and unregistered Trademarks and Trade Dress defined throughout this Complaint are referred to as "Infringing Products".  Plaintiffs' clips are designed to be finger-length long and contoured to the shape of wearer's head and have holes along the base of the clip and in a circular pattern on the finger grip. The Clip Trademark is not yet registered. The Clip Trade Dress is the appearance of a hair Clip with the Clip Trademark and the hair Clip's dimensions.

21.   Since 2015, persons and entities have been offering for sale and selling in the United States low quality combs not made by nor authorized by Park Way or YS Park, but bearing the Registered Trademark. All Defendants except SACO STORES, have offered for sale infringing products at the Cosmoprof North America Trade Show in Las Vegas, Nevada.  The persons and entities include the following parties:

062-002 170710B Complaint

22.    SACO STORE - Advertised online and sold Infringing Products. SACO is selling infringing combs into Los Angeles, California. Attached hereto and incorporated by reference is a true and correct copy of the online Purchase Order as **Exhibit 4**.

23.    JSIU BEAUTY CO., LTD ("JSIU") sold Infringing Products at the 2016 at Cosmoprof North America Trade Show and elsewhere. Attached hereto and incorporated by reference is a true and correct copy of the Catalogue page from the company selling Infringing Products as **Exhibit 5**.  JSIU is advertising these Infringing Products in Southern California and elsewhere on their website at http://www.hair-brushes.com/. A true and correct copy of a screenshot of the JSUI website is attached hereto as **Exhibit 6.**

24.    GUANGZHOU DINSHINE HAIR PRODUCTS CO., LTD ("DINSHINE") -  sold counterfeit combs in 2016 at Cosmoprof North America Trade Show. Attached hereto and incorporated by reference is a true and correct copy of the Catalogue page from the company selling Infringing Products including combs and clips as **Exhibit 7**.

25.    HELENERE offered for sale and sold counterfeit combs at the 2017 Cosmoprof North America Trade Show. HELENERE has a website available in Los Angeles, California, that advertises products to customers and potential customers in Los Angeles, California and has a shop online provision on the website.

062-002 170710B Complaint

26.    ISMART HAIR offered for sale Infringing Products at the 2017 Cosmoprof North America Trade Show.  ISMART HAIR advertised online and sold Infringing Products on their website that is available in Los Angeles, California.  On that website there is a pull down menu for shopping which offers products for sale in Los Angeles, California.

27.    EAGLE FORTRESS offered for sale and sold counterfeit combs at the 2017 Cosmoprof North America Trade Show. EAGLE FORTRESS has a website available in Los Angeles, California, that advertises products to customers and potential customers in Los Angeles, California and has a shop online provision on the website

28.    CANWAY CO LTD ("CANWAY") offered for sale and sold counterfeit combs at the 2017 Cosmoprof North America Trade Show CANWAY has sold Infringing Products to potential customers in Los Angeles, California.

29.    Plaintiffs are informed and believe that a number of other entities will be displaying and selling Infringing Products at the 2017 Cosmoprof North America Trade Show and elsewhere.

062-002 170710B Complaint

# FIRST CLAIM FOR RELIEF
## BY ALL PLAINTIFFS
## FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT
## UNDER 15 U.S.C. §§1114, 1116 &1117
## AGAINST ALL DEFENDANTS

30.     Plaintiffs incorporate and reallege paragraphs 1 through 29 of this Complaint.

31.     The use of one or more copies of the Plaintiffs Registered Trademark on the Infringing Products, which Defendants developed, distributed, offered for sale and sold, tends to and is likely to confuse and deceive consumers into believing that the Infringing Products are genuine.  In fact, the Infringements supplied by Defendants are not genuine. These Infringing Products are made using inferior designs and inferior materials.

32. The YS Park Clips have a superior design and are made of superior materials. They are contoured to the shape of the head allowing easier use and ar e made of superior metallic alloy. The Infringing Products are not genuine YS Park Clips, are not made of superior alloy and are not made in the superior shape of the genuine products of Plaintiffs.

33.     The acts of the Defendants have been committed without the consent of Plaintiffs.  The acts of the Defendants are likely to cause confusion and mistake in the minds of the purchasing public, and, in particular, tend to and do falsely create the impression that the Infringing Products sold by Defendants

062-002 170710B Complaint

are manufactured, distributed, warranted, authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

34.    Plaintiffs have suffered damages in the form of increased costs and reduced revenue in the amount of at least $25,000. Plaintiffs have no information concerning the amount of the Infringing Products Defendants have offered for sale and sold and, therefore cannot state its actual damages and therefore believe the statutory damages of at least $100,000 are appropriate.

35.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiffs demand and are entitled to an accounting from the Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

36.    Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiffs that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Plaintiffs' Trademarks, Plaintiffs will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

37.    Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional counterfeiting and

062-002 170710B Complaint

9

infringement of the YS Park and Park Way Trademarks and Trade Dress in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114. The willfulness of the counterfeiting and infringement by the Defendants is evidenced by the similar appearance of the infringements and counterfeits to Plaintiffs' genuine products.  The Defendant's activities are in total disregard of the rights of Plaintiffs.  As a result, Plaintiffs are further entitled to damages and remedies, including statutory damages as provided by 15 U.S.C. §§ 1116 and 1117.  Plaintiffs are entitled to recover statutory damages of $2,000,000 for each of the Counterfeit Marks.

38.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Plaintiffs and to cause injury to Plaintiffs. As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**SECOND CLAIM FOR RELIEF**

**BY ALL PLAINTIFFS**

**FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**UNDER 15 U.S.C. §1125**

**AGAINST ALL DEFENDANTS EXCEPT**

39.    Plaintiffs incorporate and reallege paragraphs 1 through 38 of this Complaint.

062-002 170710B Complaint

40.    The Plaintiffs' Trade Dress and Unregistered Trademarks have acquired secondary meaning and are uniquely associated with Plaintiffs in the minds of consumers.

41.    Defendants' use of trade dress elements identical to those used in the Plaintiffs' Products for their Infringing Products infringes Plaintiffs Trademarks and Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the Infringing Products. Defendant's conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

42.    Defendants' acts have caused and will continue to cause Plaintiffs to suffer injury to their business, goodwill and property.

43.    Plaintiffs have suffered damages in the form of increased costs and reduced revenue in an amount whose total is still unknown but is not less than $25,000. Plaintiffs have no information concerning the amount of the Infringing Products Defendants have offered for sale and sold and, therefore cannot state its actual damages and therefore believe the statutory damages of at least $100,000 are appropriate.

44.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiffs demand and are entitled to an accounting from the Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

062-002 170710B Complaint

45.    Plaintiffs have no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiffs that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Plaintiffs registered and unregistered Trademarks and Trade Dress, Plaintiffs will continue to suffer irreparable harm.

46.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Plaintiffs and to cause injury to Plaintiffs.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## THIRD CLAIM FOR RELIEF
## BY ALL PLAINTIFFS
## FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION
## (15 U.S.C. § 1125(a))
## AGAINST ALL DEFENDANTS

47.    Plaintiffs incorporate and reallege paragraphs 1 through 46 of this Complaint.

48.    As alleged herein, Defendants' conduct constitutes a false designation of origin and a false representation that the Infringing Products are sponsored by, associated with or produced by Plaintiffs.

062-002 170710B Complaint

49.     Plaintiffs have suffered damages in the form of increased costs and reduced revenue as alleged above and that they will continue to increase as alleged above in a sum of at least $25,000.

50.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.  Plaintiffs demand and are entitled to an accounting from the Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

51.     Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false designation of origin and false representations, Plaintiffs will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

52.     Upon information and belief, the activities of the Defendants complained of herein constitute willful and intentional infringement of Plaintiffs' Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a). The willfulness of the Defendant's conduct is evidenced by the similar appearance of Counterfeit Products and the false designations of origin and false representations. The activities of the Defendants

062-002 170710B Complaint

1    are in total disregard of the rights of Plaintiffs. As a result, Plaintiffs is further
2    entitled to damages as provided by 15 U.S.C. §§ 1116 and 1117.
3
4        53.    On information and belief, Defendants, in engaging in the conduct
5    described herein, knowingly, intentionally and willfully intended to trade on the
6    reputation and goodwill of Plaintiffs and to cause injury to Plaintiffs.  As such,
7    this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and
8    damages should be trebled and attorneys' fees awarded.
9

**FOURTH CLAIM FOR RELIEF**
**BY ALL PLAINTIFFS**
**FOR COMMON LAW TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION**
**AGAINST DEFENDANTS**

16       54.    Plaintiffs allege and incorporate by reference each and every
17   allegation contained in Paragraphs 1 through 53, as if fully set forth herein.
18
19       55.    Defendants use unfair trade practices to develop, manufacture and
20   sell Infringing Products in competition with Plaintiffs.
21
22       56.    This common law unfair competition includes, but is not limited to,
23   the following separate activities:
24
25           a.  the development of Infringing Products;
26
27           b.  the marketing and advertising of Infringing Products;

062-002 170710B Complaint

14

c.  the transportation and delivery of Infringing Products;

d.  the distribution and sale of Infringing Products; and

e.  other such acts of unfair competition.

57.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiffs demand, and are entitled to an accounting from the Defendant, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

58.     Plaintiffs have suffered damages in the form of increased costs and reduced revenue as alleged above in the sum of at least $25,000 and that they will continue to increase as alleged above.

59.     Upon information and belief, the activities of the Defendants complained of herein constitute willful and intentional infringement of Plaintiffs' Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a). The willfulness of the Defendant's conduct is evidenced by the similar appearance of Counterfeit Products and the false designations of origin and false representations. The activities of the Defendants are in total disregard of the rights of Plaintiffs. As a result, Plaintiffs is further entitled to damages as provided by 15 U.S.C. §§ 1116 and 1117.

60.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Plaintiffs and to cause injury to Plaintiffs.  As such,

062-002 170710B Complaint

this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

61.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.  Plaintiffs demand and are entitled to an accounting from the Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

62.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.  Plaintiffs demand and are entitled to an accounting from the Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

63.    Plaintiffs have no adequate remedy at law. monetary compensation will not afford Plaintiffs adequate relief.  The acts and omissions of the Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiffs that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, Plaintiffs will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further acts of unfair competition.

062-002 170710B Complaint

**PRAYER**

**WHEREFORE**, Plaintiffs prays for judgment against all Defendants as follows below.  As used in the prayer, the term "Infringement" or "Infringing" includes both counterfeits and infringing products.

1.     For preliminary and permanent injunctive relief against Defendants, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

      a. Developing, manufacturing, marketing, advertising, acquiring, transporting, distributing, developing, offering to sell or selling any Counterfeit Product bearing any counterfeit of Plaintiffs' Trademark or any counterfeit or infringement of any of Plaintiffs' unregistered Trademarks or Trade Dress;

      b. Using any of Plaintiffs' Trademark or any of Plaintiffs' unregistered Trademarks or any of Plaintiffs' Trade Dress in connection with their business;

      c. Otherwise infringing any of Plaintiffs' registered or unregistered Trademarks or any of Plaintiffs' Trade Dress;

      d. Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of the goods of Defendant;

062-002 170710B Complaint

e.  Using any false designation of origin or false representation concerning any Plaintiffs' or Defendants' products;

f.  Misrepresenting to anyone that they are authorized manufacturers or distributors of any Plaintiff;

g.  Misrepresenting to anyone that they carry, distribute or sell genuine Products of Plaintiffs or that they obtain their products directly from Plaintiffs',

h.  Any acts of unfair competition or unfair practice involving or affecting any of Plaintiffs' registered or unregistered Trademarks or any of Plaintiffs' Trade Dress or any of Plaintiffs' Products; and

i.  Soliciting, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs "a" through "h".

2.     For an order directing Defendants to file with this Court and serve on Plaintiffs within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant have complied with the injunction;

3.     For an order requiring Defendants to deliver to Plaintiffs:

062-002 170710B Complaint

a. All products, literature, and other material bearing any counterfeits of any of Plaintiffs' registered or unregistered Trademarks or of any of Plaintiffs' Trade Dress or any other infringement of Plaintiff's intellectual property or which falsely identifies the source of any products; and

b. Printing devices, packing, advertising or any other items used in the manufacture, publicity, advertising or sale of products bearing any counterfeits or infringements of any of Plaintiffs' registered or unregistered Trademarks or any of Plaintiffs' Trade Dress.

4.    For an order requiring Defendants to account for all sales and transfers of any of the Infringing Products, including an order that they submit to Plaintiffs immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Counterfeit Products;

5.    For an accounting from each Defendants of all profits, monies and advantages that Defendant has obtained by reason of their wrongful conduct;

6.    For a seizure of all Infringing Products;

7.    For expedited discovery on the subject of the suppliers to and purchasers from Defendants of Infringing Products in order that Plaintiffs can quickly locate the source and locations of these illegal products;

062-002 170710B Complaint

8.      For damages and remedies of at least $200,000 as provided by 15 U.S.C. §§ 1116 & 1117 including statutory damages as provided by 15 U.S.C. & 1117 (c) (1) & (2) of $200,000 for the use of one counterfeit mark and for statutory damages for willful use of one counterfeit mark of not more than $2,000,000

9.      For damages and remedies as provided by 15 U.S.C. § 1125;

10.     For damages and remedies as provided by 17 U.S.C. §§ 502- 505;

11.     For damages and remedies as provided by 19 U.S.C. § 1526

12.     For damages according to proof and for all gains, profits, or advantages derived by Defendants by their unfair competition to the fullest extent allowed by common law but not less than $200,000;

13.     For an order requiring that  all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Plaintiffs to the fullest extent allowed by law;

14.     For punitive and exemplary damages in an amount sufficient to punish Defendants and deter such conduct in the action;

15.     For attorneys' fees;

062-002 170710B Complaint

1    16.    For costs; and

2

3    17.    For such other and further relief as the Court deems just and
proper.

4

5

6

7    Dated:  July 10, 2017              William C. Conkle, member of
                                        CONKLE & OLESTEN, P.C.

8

9

10                                 By:  _____

11                                      William C. Conkle
                                        Attorneys for Plaintiffs

12

13

14                       **DEMAND FOR JURY TRIAL**

15        Plaintiffs demand trial by jury of all issues triable by a jury.

16

17   Dated:  July 10, 2017              William C. Conkle, member of
                                        CONKLE & OLESTEN, P.C.

18

19

20                                 By:  _____

21                                      William C. Conkle
                                        Attorneys for Plaintiffs

22

23

24

25

26

27

062-002 170710B Complaint

21